UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

JOSE GONZALEZ,                               Case No.: 1:22-cv-23513-BB

    Plaintiff,

v.

THE INDEPENDENT ORDER OF
FORESTERS,

    Defendant.
_____/

**RESPONSE IN OPPOSITION TO DEFENDANT'S PARTIAL MOTION TO DISMISS COUNT V AND COUNT VI OF PLAINTIFF'S COMPLAINT**

COMES NOW, Plaintiff, JOSE GONZALEZ, through undersigned counsel, and files his Response to THE INDEPENDENT ORDER OF FORESTERS (hereinafter "FORESTERS") Partial Motion to Dismiss Plaintiff's Complaint, and states as follows.

**INTRODUCTION AND BRIEF STATEMENT OF THE FACTS**

This is an action against Defendant for Breach of Contract, Fraud in the Inducement, Unjust Enrichment (pled in the alternative), Fraudulent Misrepresentation and Negligent Misrepresentation against Foresters under two life insurance policies with the option to accelerate benefits under a chronic illness rider. Defendant seeks to dismiss Count V for fraudulent misrepresentation and Count VI for negligent misrepresentation on the basis that there was no independent tort aside from the breach of contract and because there was no reasonable or justifiable reliance based upon oral representations by the Plaintiff.

Plaintiff has clearly alleged a proper cause action for fraudulent misrepresentation and negligent misrepresentation because Defendant's agents made statements the Plaintiff relied upon regarding the Life Insurance Policy with the intent that Plaintiff would purchase the

1

Policies. Multiple statements were made by Defendant's agents which the Plaintiff relied upon, and which were acts independent of the Policies at issue.

## STANDARD FOR DISMISSAL UNDER RULE 12(B)(6)

Rule 12(b) (6) of the Federal Rules of Civil Procedure provides that dismissal of a claim is appropriate "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Blackston v. Alabama*, 30 F.3d 117, 120 (11th Cir. 1994). On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the plaintiff. *Danley v. Allen*, 540 F.3d 1298, 1304 (11th Cir. 2008); *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir.1994). A very low sufficiency threshold is necessary for a complaint, or counterclaim, to survive a motion to dismiss. *See Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 703 (11th Cir.1985). Moreover, a complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears **beyond doubt** that the plaintiff can prove no set of facts in support of [its] claim which would entitle [it] to relief." *M/V Sea Lion v. Reyes*, 23 F.3d 345, 347 (11th Cir.1994) (emphasis added). However, a plaintiff must do more than merely "label" its claims. *See Blumel v. Mylander*, 919 F. Supp. 423, 425 (M.D.Fla.1996). Dismissal is appropriate only when no construction of the factual allegations of a complaint will support the cause of action. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

Here, Plaintiff has clearly laid out the facts of his Complaint, and the facts showing that the Defendant's agents misrepresented facts to induce the Plaintiff to buy the First Policy as a life insurance and to secure the Second Policy as life insurance and mortgage protection.

**ARGUMENT**

I. **Plaintiff's Claims for Fraudulent and Negligent Misrepresentation Survive as an Independent Tort**

Defendant alleges that Plaintiff's Count V and VI should be dismissed because he did not assert an "independent tort" as required by Florida Law, however, the specific facts pled clearly establish that there were independent torts committed separate and apart from the breach of contract claims. *See* ¶¶1-32,76-83,87-92, ECF No. 1-1. Thus, because the actions amount to torts that are independent from the Breach of Contract claims, Plaintiff's causes of action for fraudulent misrepresentation and negligent misrepresentation survive. *See Peebles v. Puig,* 223 So.3d 1065, 1068 (Fla. 3d DCA 2017). To have a breach of contract, there must first be an actual contract. Under his claims, the plaintiff alleges that the Defendant and its agents made pre-contract false representations that caused the Plaintiff to enter into the contracts. *See* ¶¶9-13, ECF No. 1-1. "[I]f a fraud is perpetrated which induces someone to enter into a contract, there is a cause of action for fraud and the remedies attendant to that particular tort are available." *La Pesca Grande Charters, Inc. v. Moran,* 704 So. 2d 710, 712 (Fla. 5th DCA 1998). If there is no fraud inducing someone to enter into contract, but the contract is breached, the cause of action sounds in contract and contract remedies are available. *Id.*

As asserted in the Plaintiff's Complaint, Counts V and VI, are separate and distinct claims from the breach of contract claims. Furthermore, Plaintiff has properly pled his claims, as such, Defendant's Motion to Dismiss should be denied.

**A. Count V - Fraudulent Misrepresentation Claim is Properly Pled**

The plaintiff has properly pled a cause of action for fraudulent misrepresentation. The fraudulent representation here stems from the oral representations made by agents to the Plaintiff. There are four elements to establish fraudulent misrepresentation: (1) a false statement concerning

3

a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation. *Butler v. Yusem,* 44 So.3d 102 (Fla. 2010); *Moriber v. Dreiling*, 194 So.3d 369 (Fla. 3d DCA 2016). *See also M/I Schottenstein Homes, Inc. v. AzamEyeglasses*, 813 So.2d 91 (Fla. 2002) (holding that the question of whether a cause of action for fraudulent misrepresentation exists where the putatively misrepresented information is contained in the public record is one of fact that should not be resolved through a motion to dismiss and the use of a bright-line rule of preclusion). Moreover, the Florida Supreme Court held that a recipient may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation unless he knows the representation to be false or its falsity is obvious to him. *Besset v. Basnett*, 389 So.2d 998 (Fla. 1980); *See also Butler*, 44 So. 3d at 105.

"Fraud is ordinarily inappropriate for summary disposition; only after a full explanation of the facts and circumstances can the occurrence of fraud be determined." *Burton v. Linotype Co.*, 556 So.2d 1126, 1128 (3d DCA 1998). When fraud occurs in connection with misrepresentations, statements, or omissions which cause the complaining party to enter into a transaction, then such fraud is fraud in the inducement and **survives as an independent tort**. *D & M Jupiter, Inc. v. Friedopfer*, 853 So. 2d 485, 487-88 (Fla. 4th DCA 2003)(emphasis added).

In the present case, Plaintiff has clearly and properly alleged each of the elements required to sustain a cause of action for fraudulent misrepresentation as an independent tort. Plaintiff acquired the First and Second Policies based on Defendant's insurance agents' unequivocal oral representations to him that he could use the policies as mortgage protection prior to entering into the contract. *See* ¶¶ 10,76-77, ECF No. 1-1. Thereafter, Foresters did not pay out the policy proceeds as promised after Plaintiff relied on the representations by Defendant and its agent's that

4

the proceeds would be paid in an amount sufficient to pay off his mortgage. *See* ¶¶ 76-77, ECF No. 1-1. After the First Policy was acquired, Plaintiff consulted with the Insurance Company to increase the face value of his Policy, an agent assisted him, and expressed him that it was not possible to do the requested service, but instead she could help him to acquire a Second Policy that would work as a mortgage protection and would pay out up to 90%. *See* ¶¶ 11-13, ECF No. 1-1.

The plaintiff relied on the truth of the representations, the falsity was not obvious to him, and he was not required to investigate this as the agents were experts in the insurance products he sought. *Besset v. Basnett*, 389 So.2d 998 (Fla. 1980); *See also Butler*, 44 So. 3d at 105. Defendant's agents knew or should have known that the information provided to the Plaintiff to induce him to sign the Policies was false and therefore they induced him to buy the Policies based on false statements. As a consequence, the Plaintiff relied on the statements of the agents and has been injured. As such, Defendant's Motion to Dismiss Count V should be denied.

### B. Count VI – Negligent Misrepresentation is Properly Pled

The Plaintiff has properly pled a cause of action for negligent misrepresentation. A claim for negligent misrepresentation requires the Plaintiff to prove the following four elements: (i) the defendants committed a false statement of material fact that they believed to be true but was in fact false (a misrepresentation); (ii) the defendants should have known the representation was false; (iii) the defendants intended to induce the Plaintiff to act on the misrepresentation; and (iv) the Plaintiff acted in justifiable reliance on the misrepresentation causing injury to the Plaintiff. *See Arlington Pebble Creek, LLC v. Campus Edge Condominium Association Inc.,* 42 Fla. L. Weekly D2370a (Fla. 1st DCA 2017).

Plaintiff alleges that the Defendant and its agents made materially false statements regarding the payment of proceeds under the chronic illness rider of the life insurance policy and

the calculation of the Accelerated Death Benefit. *See* ¶¶10,12,13,87,88,90, ECF No. 1-1. The Defendant and its agents should have known the representation was false. *See* ¶¶89,90, ECF No. 1-1. Knowing the statements were false, they induced the Plaintiff to buy the First and the Second Policy and, as a result of the reliance, he was injured. *See* ¶¶14-15, 91,92, ECF No. 1-1.

In the present case, Plaintiff has clearly and properly alleged each of the elements required to sustain a cause of action for negligent misrepresentation as an independent tort because the allegations underlying Plaintiff's claims are prior to existence of the contract. The elements for a Negligent Misrepresentation action are met and therefore, the claims do not deal exclusively with the performance of the contract.

Furthermore, Plaintiff was entitled to a full disclosure of all material facts known by the Defendant's agents before he decided to buy the Policies. The agents did not make a full disclosure of the facts. Defendant and its agents had access to the Policies and were experts as to the terms and conditions the Policy. Had the policy conditions been full disclosed by the Defendant, Plaintiff would have never bought the First and the Second Policies. "A fact is material if, but for the misrepresentation, the aggrieved party would not have entered into the contract." *See Balaschak v. Royal Caribbean Cruises, Ltd.,* No. 09-21196-CIV, 2010 WL 457137 at *1 (S.D. Fla. Feb 4, 2010). As such, Defendant's Motion to Dismiss Count VI should be denied.

    **II.**     **Plaintiff Clearly Alleged Justifiable and Reasonable Reliance in Counts V (Fraudulent Misrepresentation) and Count VI (Negligent Misrepresentation) of the Complaint**

Defendant avers that Plaintiff's claims for fraudulent and negligent misrepresentation fail because he cannot allege justifiable or reasonable reliance on the oral representations alleged in the face of an explicitly contradictory written agreement. The Court must also make all reasonable inferences arising out of the allegations in favor of the plaintiff(s). *Simon v. Tampa Elec. Co*., 202

So.2d 209, 211 (Fla. 2d DCA 1967). The Court may not speculate as to what the true facts may be or what facts may ultimately be proven in the trial of the cause. *Lopez-Infante v. Union Cent. Life Ins. Co.*, 809 So. 2d 13, 15 (Fla. 3d DCA 2002); *Dunnell v. Malone and Hyde, Inc.*, 425 So. 2d 646, 648 (Fla. 3d DCA 1983). The Defendant is asking the Court to make evidentiary findings regarding whether or not the Plaintiff would be entitled to policy benefits. This is not something establish case law directs the Court to do at the Motion to Dismiss stage. On a motion to dismiss, the Court must accept as true all facts alleged and draw all inferences therefrom in the light most favorable to the plaintiff. *Allen*, 540 F.3d at 1304; *Texaco, Inc.*, 29 F.3d at 1483. As stated previously, Plaintiff has clearly alleged a cause of action for fraudulent and negligent misrepresentation.

Second, Plaintiff relied on and believed in the agent's statements and representations because they were experts in insurance and had better knowledge than him regarding the policies, the life insurance benefit and the accelerated death benefit payment. *See* ¶¶14,16,20,23,26,78, 80,87,90,91, ECF No.1-1. The agents induced him to buy the policies to gain commission payments, and made false statements that they knew, or should have known, were false because they had the access to the documents, the information, and the policies. Plaintiff acted with the reasonableness of a lay person that is not in the business of insurance.

Nevertheless, Plaintiff has clearly alleged justifiable and reasonable reliance in his Complaint. *See* ECF No. 1-1. Furthermore, justifiable reliance is not a necessary element for a fraudulent misrepresentation claim to proceed. *Butler v. Yusem*, 44 So.3d 102 (Fla. 2010). As it is clearly stated in *Butler*, justifiable reliance is not a necessary element of fraudulent misrepresentation. *See also, Johnson v. Davis*, 480 So.2d 625 (Fla. 1985).

Third, the Supreme Court of Florida has held in numerous cases that a recipient of information may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him. *See Besset v. Basnett,* 389 So.2d 998 (Fla. 1980). Here, the Plaintiff relied on Defendant's agents' statements of facts and believed what they said and acted as a reasonable man would have acted in his position. "[A] person is justified in relying on a representation of fact although he might have ascertained the falsity of the representation had he made an investigation." *See Field v. Mans,* 516 U.S. 59, 70 (1995). Justification is a matter of the qualities and characteristics of the particular Plaintiff and the circumstances of the particular case. *Id.* at 70.

As such, Defendant's arguments should not apply to the circumstances of this case, because he relied on trained insurance agents who knew, or should have known, the true terms and conditions of the policies they sold and justifiable reliance is not a necessary element of fraudulent misrepresentation. Lastly, the allegations of the Plaintiff's complaint, are sufficient to meet the required elements for a cause of action for fraudulent and negligent misrepresentation based on the facts of this case.

It is a well-settled principle that in ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to the plaintiff and assume "all the allegations in the complaint are true" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007); *Watts v. Fla. Int'l Univ*., 495 F.3d 1289, 1295 (11th Cir. 2007); *Hoffman-Pugh v. Ramsey*, 312 F.3d 1222, 1225 (11th Cir. 2002). The sufficiency of the complaint is assessed against the legal standard set forth in Federal Rule of Civil Procedure 8 which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." The short

and plain statement "requires more than labels and conclusions." *Twombly*, 550 U.S. at 555; Watts, 495 F.3d at 1295.

Under the *Twombly* standard, factual allegations in a complaint need not be overly detailed, but "must be enough to raise a right to relief above the speculative level. . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "The Supreme Court's formulation of the pleading specificity standard is that 'stating such a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." Watts, 495 F.3d at 1295 (quoting Twombly, 550 U.S. at 556). **The Plaintiff does not need to establish that he/she will prevail on a particular claim**. *Id*. at 1296 (emphasis added). The standard "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of a required element. *Id*. at 1296 (*quoting Twombly*, 550 U.S. at 556). "It is sufficient if the complaint succeeds in 'identifying facts that are suggestive enough to render [an element] plausible." *Id*. (quoting Twombly, 550 U.S. at 556). A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 556).

Here it is plausible that the Defendant is liable for the misconduct alleged as Plaintiff has clearly set forth his claim. He is not required to establish that he will prevail on the fraudulent or negligent misrepresentation claim at this juncture.

## CONCLUSION

WHEREFORE, Plaintiff, respectfully requests that this honorable Court deny Defendant's Partial Motion to Dismiss, or in the alternative allow Plaintiff to amend his complaint, and grant such other and further relief as it may deem just and proper.

Dated this 27th day of December 2022.

                    Respectfully submitted,

                    **Your Insurance Attorney, PLLC**
                    *Health and Medicine Law Division*
                    *Counsel for Plaintiff*
                    2601 S. Bayshore Drive, 5th Floor
                    Miami, FL 33133
                    Ph: (888) 570-5677
                    Service email:
                    health@yourinsuranceattorney.com
                    Attorney email:
                    msanti@yourinsuranceattorney.com
                    xb@yourinsuranceattorney.com

                    By:   /s/ Maria T. Santi
                            MARIA T. SANTI, ESQ.
                            Florida Bar No.: 117564

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via the

EC/CMF system via electronic delivery this 27th day of December 2022 to:

Jeannine C. Jacobson, Esq.
Florida Bar No.: 58777
MAYNARD, COOPER & GALE, P.C.
9100 S. Dadeland Blvd., Suite 1500
Miami, FL 33156
Tel: 305-735-3752
E-mail: jjacobson@maynardcooper.com
*Attorneys for Defendant,*
*The Independent Order of Foresters*

Thomas J. Butler (*pro hac vice*)
Destinee C. Small, Esq.
Florida Bar No.: 1036554
MAYNARD, COOPER & GALE, P.C.
1901 6th Avenue N., Suite 1700
Birmingham, AL 35203
Tel: 205-254-1063
E-mail: tburtler@maynardcooper.com
        dsmall@maynardcooper.com

10

*Attorneys for Defendant,*
*The Independent Order of Foresters*

/s/ <u>Maria T. Santi</u>