UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-cv-23513-BLOOM/Otazo-Reyes

JOSE GONZALEZ,

    Plaintiff,

v.

THE INDEPENDENT ORDER OF FORESTERS,

    Defendant.
_____/

**ORDER ON MOTION TO DISMISS**

**THIS CAUSE** is before the Court upon Defendant The Independent Order of Forester's Partial Motion to Dismiss, ECF No. [18] ("Motion"). Plaintiff Jose Gonzalez filed a Response, ECF No. [24] ("Response"), to which Defendant filed a Reply, ECF No. [28] ("Reply"). The Court has carefully considered the Motion, the Response and Reply, the record in this case, the applicable law, and is otherwise fully advised. For the reasons set forth below, the Motion is granted in part and denied in part.

**I.    BACKGROUND**

This case arises as a result of alleged breaches of contract and related fraud perpetrated by Defendant in connection with two life insurance certificates Defendant issued to Plaintiff, Certificate Nos. 8603229 ("First Policy"), ECF No. [1-1] at 20-45, and 8835542 ("Second Policy") (collectively "Policies"), *Id*. at 47-81. In the Complaint, *Id*. at 5-18, Plaintiff alleges that in reliance on Defendant's representations, he entered into the Policies. Plaintiff further asserts that after qualifying for an accelerated death benefit under the Policies based on a diagnosis of a chronic illness, he was offered a payment that was incongruent with the representations that had been made

to him. As a result, Plaintiff asserts six claims against Defendant: breach of contract for the First Policy (Count I), breach of contract for the Second Policy (Count II), fraud in the inducement (Count III), unjust enrichment (Count IV), fraudulent misrepresentation (Count V), and negligent misrepresentation (Count VI).

In the Motion, Defendant seeks dismissal of Count V and Count VI of the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff contends that Counts V and VI are properly pled and should not be dismissed.

## II.     LEGAL STANDARD

Rule 8 of the Federal Rules requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although a complaint "does not need detailed factual allegations," it must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that Rule 8(a)(2)'s pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). In the same vein, a complaint may not rest on "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557 (alteration in original)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. These elements are required to survive a motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which requests dismissal for failure to state a claim upon which relief can be granted.

When reviewing a motion under Rule 12(b)(6), a court, as a general rule, must accept the plaintiff's allegations as true and evaluate all plausible inferences derived from those facts in favor of the plaintiff. *Miccosukee Tribe of Indians of Fla. v. S. Everglades Restoration Alliance*, 304

F.3d 1076, 1084 (11th Cir. 2002); *AXA Equitable Life Ins. Co. v. Infinity Fin. Grp., LLC*, 608 F. Supp. 2d 1349, 1353 (S.D. Fla. 2009). However, this tenet does not apply to legal conclusions, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555; *see Iqbal*, 556 U.S. at 678; *Thaeter v. Palm Beach Cty. Sheriff's Office*, 449 F.3d 1342, 1352 (11th Cir. 2006). A court considering a Rule 12(b) motion is generally limited to the facts contained in the complaint and attached exhibits, including documents referred to in the complaint that are central to the claim. *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009); *see also Maxcess, Inc. v. Lucent Techs., Inc.*, 433 F.3d 1337, 1340 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity.") (citing *Horsley v. Feldt*, 304 F.3d 1125, 1135 (11th Cir. 2002)).

### III. DISCUSSION

Defendant argues that Counts V and VI should be dismissed under the independent tort doctrine. Defendant contends that even if the Court finds that the claims alleged in those counts do not violate the independent tort doctrine, Count V should be dismissed as duplicative of Count III. Moreover, Count VI must be dismissed because it does not state a viable cause of action and alleges no viable damages theory. Defendant also asserts that Plaintiff cannot demonstrate justifiable or reasonable reliance required for the fraudulent and negligent misrepresentation claims. Plaintiff responds that the claims in Counts V and VI are not barred by the independent tort doctrine because the misrepresentations were made prior to the formation of a contract. Plaintiff further asserts that the claims allege all the necessary elements of fraudulent and negligent misrepresentation.

### A. Independent Tort Doctrine

As stated, Defendant contends that Counts V and VI are barred by the independent tort doctrine and Plaintiff responds that Counts V and VI survive as independent torts. Specifically, Plaintiff points out that Counts V and VI allege that Defendant and its agents made pre-contract false representations which caused Plaintiff to enter into the Policies. The Court agrees that Counts V and VI are not barred by the independent tort doctrine.

Florida's independent tort doctrine "bars a contracting party from recovery in tort where the act complained of relates to the performance of the contract." *De Sterling v. Bank of Am., N.A.*, No. 09-21490-CIV, 2009 WL 3756335, at *3 (S.D. Fla. Nov. 6, 2009). The independent tort doctrine does not bar claims where the plaintiff alleges conduct independent from acts that breach the contract, and do not in and of themselves constitute a breach of the contract. *XP Glob., Inc. v. AVM, L.P.*, 16-CV-80905, 2016 WL 4987618, at *4 (S.D. Fla. Sept. 19, 2016). Fraudulent inducement, is "generally a tort independent from a breach of contract because it requires the plaintiff to prove facts separate and distinct from the facts necessary to prove the breach of contract." *Kaye v. Ingenio, Filiale De Loto-Quebec, Inc.*, No. 13-61687-CIV, 2014 WL 2215770, at *5 (S.D. Fla. May 9, 2014) (citing *Freeman v. Sharpe Res. Corp.*, No. 6:12-CV-1584-ORL-22T, 2013 WL 2151723, at *8 (M.D. Fla. May 16, 2013)). "In assessing whether fraud in the inducement is distinct from a claim under a contract, the critical inquiry focuses on whether the alleged fraud is separate from the performance of the contract." *Id*. at *5.

Here, Counts V and VI of Plaintiff's Complaint are premised on misrepresentations made prior to the formation of a contract. Critically, Plaintiff alleges that he secured and made payment on the Policies based on Defendant's oral representations that the policy would pay during his life the face value for the First Policy and 90% of the face value of the Second Policy in the event

4

Plaintiff had a chronic illness covered by the Chronic Illness Rider. Defendant then refused to pay the face value of the First Policy and at least 90% of the face value of the Second Policy in contravention to what was represented to Plaintiff at the time he enrolled in the Policies. As alleged, those core allegations constitute the basis for a claim of fraudulent inducement and negligent inducement. Counts V and VI are not barred by the independent tort doctrine.

### B. Count V – Fraudulent Misrepresentation

Defendant argues that if the Court accepts Plaintiff's argument and finds that Count V is a claim for fraudulent inducement and survives as an independent tort, then it should dismiss Count V as wholly duplicative of Count III, Plaintiff's fraud in the inducement claim. Plaintiff did not address whether Counts III and V are distinguishable from one another or provide any argument as to the propriety of duplicative claims.

"Federal Rule of Civil Procedure 12(f) permits the Court to strike 'redundant' matters from a pleading." *DeCurtis LLC v. Carnival Corp.*, 20-CV-22945, 2022 WL 658885, at *3 (S.D. Fla. Feb. 9, 2022), *report and recommendation adopted*, 20-21547-CIV, 2022 WL 658103 (S.D. Fla. Mar. 4, 2022). Where "no additional claim is actually stated" a claim "should be dismissed as redundant." *Nat'l Ass'n of Prof'l Allstate Agents v. Allstate Ins. Co.*, 8:01-CV-2137-T-24MSS, 2002 WL 34940469, at *7 (M.D. Fla. Apr. 22, 2002).

Count III and Count V each allege that Plaintiff was induced to enter into the Policies based on Defendant's representations, that Plaintiff relied on those representations when he entered into the policies, and that Defendant refused to pay Plaintiff the values of the Policies in accordance with those representations. *See* ECF No. [1-1] at 5-18, ¶¶ 51, 54, 61, 62, 76-78, 82. The Court finds that Count V is redundant of the more detailed allegations made in Count III and does not state an additional claim for relief. Therefore, Count V must be dismissed.

### C. Count VI – Negligent Misrepresentation

Defendant argues that if the Court accepts Plaintiff's argument that Count VI is a claim for negligent inducement and survives as an independent tort, then the Court should dismiss Count VI for failure to state a viable cause of action, failure to allege damages separate from the contract, and failure to allege justifiable reliance as a matter of law. Plaintiff argues that the elements of a claim for negligent misrepresentation are satisfied but does not address the question of whether negligent inducement is a viable cause of action under Florida law.

#### i. Viable Cause of Action

As an initial matter, the Court rejects Defendant's contention that Florida law does not support a claim for negligent inducement into a contract. Negligent misrepresentation is a recognized cause of action under Florida law and Defendant cites no case law stating that a negligent misrepresentation inducing a party to enter a contract is distinguishable. Moreover, at least one court in this district applied Florida law and denied a Defendant's motion to dismiss a claim of negligent inducement. *See BIC Corp. v. Florida Distributors, Inc.*, 18-CIV-60010, 2018 WL 6807379, at *4 (S.D. Fla. Oct. 10, 2018), *report and recommendation adopted*, 18-CV-60010-UU, 2019 WL 1115865 (S.D. Fla. Jan. 3, 2019).

#### ii. Damages Separate from Contract

Defendant also argues that Plaintiff's negligent misrepresentation claim fails because it seeks identical remedies sought in Plaintiff's contract claims. Defendant states that Florida's standard jury instructions adopt section 552B of the Second Restatement of Torts which provides in relevant part that "the damages recoverable for a negligent misrepresentation do not include the benefit of the plaintiff's contract with the defendant." Here, Plaintiff does not claim damages in the amount he is entitled to under the contract, but instead states that he suffered damages because

6

he relied on the misrepresentations made by Defendant and its agents that Defendant would pay the face value of the First Policy and at least 90% of the face value of the Second Policy, and it did not. *See* ECF No. [1-1] at 17 ¶¶ 91-92. Because the Court has already determined that Count VI is a claim for a tort independent from Plaintiff's breach of contract claims, it follows that Plaintiff may seek compensatory damages in tort. *See Huang v. Chen*, 22-CV-60354, 2022 WL 18464363, at *2 (S.D. Fla. Nov. 8, 2022) (finding that a plaintiff's breach of contract claim "does not prevent [p]laintiff from seeking compensatory and punitive damages in tort"); *see also CMR Constr. & Roofing LLC v. Orchards Condo. Ass'n, Inc.*, 220CV422FTM29MRM, 2020 WL 6273740, at *3 (M.D. Fla. Oct. 26, 2020) ("While double recovery is not allowed, there is no basis to dismiss").

### iii. Justifiable Reliance

Defendant contends that Count VI, alleging negligent misrepresentation, fails as a matter of law because Plaintiff cannot demonstrate a required element: justifiable reliance. Plaintiff responds that, since the Court must accept as true all facts alleged and draw all inferences in the light most favorable to Plaintiff, he has sufficiently alleged a claim for negligent misrepresentation. Plaintiff further argues that, under Florida law, "a recipient of information may rely on the truth of a representation, even though its falsity could have been ascertained had he made an investigation, unless he knows the representation to be false or its falsity is obvious to him." *Besset v. Basnett*, 389 So.2d 995, 998 (Fla. 1980).

To state a claim for negligent misrepresentation in Florida, a plaintiff must allege: (1) a misrepresentation of a material fact; (2) that the defendant made the representation without knowledge as to its truth or falsity, or under circumstances in which he ought to have known of its falsity; (3) that the defendant intended that the misrepresentation induce another to act on it; and

(4) injury must result to the party acting in justifiable reliance on the misrepresentation. *Souran v. Travelers Ins. Co.*, 982 F.2d 1497, 1503 (11th Cir. 1993). "[N]egligent representation, as distinguished from fraudulent representation, [is] '[w]hen there is no intent to deceive but only good faith coupled with negligence.'" *Gilchrist Timber Co. v. ITT Rayonier, Inc.*, 127 F.3d 1390, 1395 (11th Cir. 1997) (quoting Restatement (Second) of Torts § 552 cmt. a).

"[A] person is justified in relying on a representation of fact although he might have ascertained the falsity of the representation had he made an investigation." *Field v. Mans*, 516 U.S. 59, 70 (1995) (citations and internal quotations omitted). "Although the plaintiff's reliance on the misrepresentation must be justifiable ... this does not mean that his conduct must conform to the standard of the reasonable man. Justification is a matter of the qualities and characteristics of the particular plaintiff, and the circumstances of the particular case." *Id*. at 70-71 (citations and internal quotations omitted).

Courts in this district have found that a claim for negligent misrepresentation fails as a matter of law when premised on a misrepresentation contradicted by or not included in a contract which includes a merger clause and is jointly drafted by the parties. *See W. Coast Inv'rs, LLC v. D.R. Horton, Inc.*, 19-CV-14360, 2020 WL 533988, at *2 (S.D. Fla. Feb. 3, 2020) (citing *Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc.*, 162 F.3d 1290, 1315 (11th Cir. 1998); *Sas v. Serden Tech., Inc.*, No. 12-cv-61296, 2013 WL 12086638, at *7 (S.D. Fla. Dec. 3, 2013)). However, the Eleventh Circuit reversed a district court's grant of summary judgment on a fraudulent inducement claim,[1] finding that the Florida Supreme Court's holding in *Oceanic Villas, Inc v. Godson*, 4 So.2d 689 (Fla. 1941), that an integration clause does "not 'estop[ ]' the lessee from alleging fraud or

---

[1] A claim for fraudulent inducement, like a claim for negligent misrepresentation, requires a showing of justifiable reliance on the representation and injury as a result. *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1030 (11th Cir. 2017).

Case No. 22-cv-23513-BLOOM/Otazo-Reyes

'make the contract incontestable because of fraud'" was controlling. *Glob. Quest, LLC v. Horizon Yachts, Inc.*, 849 F.3d 1022, 1028 (11th Cir. 2017) (quoting *Ocean Villas*, 4 So.2d at 690-91).

Adhering to the Eleventh Circuit's binding precedent, the Court cannot find that Plaintiff's reliance was unjustified as a matter of law based on a subsequent contract with contradictory terms and an integration clause. Contrary to the cases in this district which found reliance on a pre-contract misrepresentation unjustifiable, here there is no evidence that Plaintiff participated in the drafting of the policies or that he was represented by counsel when he agreed to be bound by them. As such, and because Defendant has not argued that Plaintiff failed to plead any other elements of a claim for negligent misrepresentation, the Court finds that Plaintiff has adequately alleged all elements of his claim in Count VI.

## IV. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion, **ECF No. [18]**, is **GRANTED in part and DENIED in part**.
2. Count V of the Complaint is **DISMISSED** as duplicative.
3. Defendant shall file its Amended Answer to the Complaint **no later than February 16, 2023**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on February 6, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record

9